**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Keith Miller, et. al,

                                      Case No.: 1:13-cv-2403-SCJ

        Plaintiffs,

v.

FleetCor Technologies Operating Company, LLC,

        Defendant.

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**
_____

**1.     Description of Case:**

      **a.     Describe briefly the nature of this action.**

This is a collective action brought under the Fair Labor Standards Act ("FLSA") by Plaintiff Keith Miller ("Plaintiff") against Defendant FleetCor Technologies Operating Company, LLC ("Defendant"). Plaintiff alleges that Defendant failed to pay him and other allegedly similarly situated sales representatives overtime compensation for hours worked over 40 in a workweek. Plaintiff also brings an individual claim for breach of contract against Defendant. Defendant denies all liability in this action and has asserted various defenses.

1

Defendant also contends that Plaintiff and the opt-ins are not similarly situated under the FLSA and this case should not be maintained as collective action.

**b. Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Concise Factual Summary of Plaintiffs' Claims:

Defendant employed Plaintiffs as sales representatives and classified them as exempt from the requirements of the FLSA prior to the end of 2011. During this time, Defendant paid Plaintiffs a salary and commissions. Defendant subsequently changed its compensation policies and began paying Plaintiffs hourly wages and commissions, but did not pay them overtime compensation when they worked more than forty (40) hours in a week. Plaintiffs routinely had to work more than forty (40) hours in a week to meet their sales goals.

With regarding to Plaintiff's individual claim, Defendant imposed a cap on the amount of commissions he could earn after he earned them and refused to pay him under the terms of the contract in effect at the time he earned the commissions despite his request that it do so.

Concise Factual Summary of Defendants' Defenses:

Defendant has employed Plaintiff as an Outbound Sales Representative since September 3, 2008. During this time, Plaintiff generally worked 40 hours per week; his typical work schedule was 8:00 a.m. to 5:00 p.m. (or, at times, 8:30 a.m.

to 5:30 p.m.), with a one-hour lunch break. From September 2008 to May 2011, Defendant paid Plaintiff a salary (plus commissions) for all hours worked and classified him as "exempt" under the FLSA. In May 2011, Defendant began paying Plaintiff an hourly wage (plus commissions). Plaintiff's job did not require him to work over 40 hours per week and his managers had no knowledge of him doing so. If Plaintiff ever worked over 40 hours in a week, he did so on own against company policy, without the company's knowledge or permission.

The opt-in plaintiffs and other persons included in Plaintiffs' alleged class worked in various types of sales positions, held different job titles, worked on various different accounts, worked under various different managers/supervisors, and worked during different time periods (and, in some instances, they worked in different locations).

With respect to Plaintiff's individual breach of contract claim, Defendant paid Plaintiff all commissions that were due to him. Even after Plaintiff purportedly disagreed with the imposition of a monthly cap, he accepted the commission payments to him and continued working for Defendant. Thereafter, Plaintiff received payment of all amounts, subject to the monthly cap.

    c.    **The legal issues to be tried are as follows:**

1. Whether Plaintiff (or any opt-in plaintiff) worked any hours over 40 in a workweek for which he was not compensated overtime pay.

2. Whether Defendant suffered or permitted Plaintiff (or any opt-in plaintiff) to work unpaid overtime (i.e., whether Defendant knew or should have known Plaintiff (or any opt-in plaintiff) worked overtime without overtime compensation).

3. Whether Plaintiff (or any opt-in plaintiff) is equitably estopped from bringing claims for overtime pay where such work was performed against company policy and without the company's knowledge.

4. Whether the allegedly uncompensated time worked by Plaintiff (or any opt-in plaintiff) was compensable under the FLSA.

5. Whether the allegedly uncompensated time worked by Plaintiff (or any opt-in plaintiff) was *de minimis* under the FLSA.

6. Whether Plaintiff (or any opt-in plaintiff) can prove that he worked the hours for which he claims overtime pay .

7. Whether Plaintiff (or any opt-in plaintiff) was exempt from the overtime requirements of the FLSA.

8. Whether Defendant's alleged violations of the FLSA, if any, were willful.

9. Whether Defendant acted in good faith.

10. Whether the opt-in plaintiffs are "similarly situated" to Plaintiff for the purposes of collective treatment under Section 16(b) of the FLSA.

11. Whether Defendant breached any contract with Plaintiff.

12, Whether Plaintiff suffered any damages as a result of Defendant's alleged breach of contract.

13. Whether Defendant is entitled to a set-off for payments made to Plaintiff (or any opt-in plaintiff) to which he was not legally entitled.

    **d.**    **The cases listed below (include both style and action number) are:**

        **i.**    **Pending Related Cases**:

        There are no pending related cases.

        **ii.**    **Previously Adjudicated Related Cases**:

        None.

**2.**    **This case is complex because it possesses one or more of the features listed below:**

```
__X__ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
_____ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
```

PD.10505892.1

    \_\_\_\_\_ (10) Existence of highly technical issues and proof
    \_\_\_\_\_ (11) Unusually complex discovery of electronically stored

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

*Plaintiffs*: Paul J. Lukas and Curtis P. Zaun of Nichols Kaster, PLLP

*Defendant:* Dennis M. McClelland and Susan W. Furr of Phelps Dunbar LLP

**4.    Jurisdiction:**

<u>Plaintiff's Response</u>: This Court has jurisdiction over both of his claims in this action.

<u>Defendant's Response</u>: This Court lacks jurisdiction over Plaintiff's state law claim.

**5.    Parties to This Action:**

    **a.    The following persons are necessary parties who have not been joined:**

    None.

    **b.    The following persons are improperly joined as parties:**

    <u>Plaintiff's Response</u>: None.

PD.10505892.1

        Defendant's Response: All opt-in plaintiffs who have filed consents to join this action are improperly joined as parties in this action.

    **c.**    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

        None.

    **d.**    **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.**    **Amendments to Pleadings:**

    Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

    **a.**    **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

        None at this time.

    **b.**    **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.**    **All other motions must be filed within 30 days after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

    **a.**    *Motions to Compel*: **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

b.  *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

c.  *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

d.  *Motions objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.  **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties agree that the initial disclosures should be served by December 1, 2013.

9.  **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of the party.

The parties do not request a scheduling conference with the Court.

10.  **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing

8

**the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Discovery will be needed on the subjects identified in Section 1.c., above.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

At this time, the parties do not request that discovery be conducted in phases; however, because this is a collective action in which 30 plaintiffs have consented to join the case, additional time will be necessary to complete discovery. At this time, the parties request 8 months to complete discovery.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

    **a.   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed:**

The parties believe that the limitations set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court are sufficient and, at this time, no additional limitations are necessary.

    **b.   Is any party seeking discovery of electronically stored information?**

Yes.

...

**If "yes,"**:

**(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Defendant agrees to produce the following information in response to discovery requests by Plaintiff:

-Personnel files of Plaintiff and opt-ins in PDF format
-Time records of Plaintiff and opt-ins in Excel format [available for the three-year period immediately prior to the filing of the consent to join]
-Pay records of Plaintiff and opt-ins in Excel format [available for the three-year time period immediately prior to the filing of the consent to join]
-Telephone records (GAD records) of Plaintiff and opt-ins in Excel format [to the extent available for the three-year time period immediately prior to the filing of the consent to join to the present time]
-Network log-on and log-off records of Plaintiff and opt-ins in Excel format [to the extent available for the three-year time period immediately prior to the filing of the consent to join to the present time]
-E-mail files of Plaintiff and opt-ins in .pst format [to the extent available for the three-year time period immediately prior to the filing of the consent to join to the present time], subject to 11b.2, below.
-Salesforce.com log-on and log-off records of Plaintiff and opt-ins in Excel format [to the extent available for the three-year time period immediately prior to the filing of the consent to join to the present time]
-Security or access badge "swipe in" records of Plaintiff and opt-ins in PDF format [to the extent available for the three-year time period immediately prior to the filing of the consent to join to the present time]

**(2)  The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

See response to 11b.1., above.  The parties agree to produce electronically stored information to each other on disks or thumb drives. The parties further agree that production of e-mail files will be subject to review for purposes of excluding e-mails not relevant to the subject matter of this action or for excluding e-mails that contain privileged attorney-client communications or work product information.  If the parties determine that additional electronically stored information should be subject to production in this case, they will confer in good faith regarding such production and attempt to resolve any issues without court intervention.

**c.      In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in Paragraph 9 hereof.**

**12.   Other Orders**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c):**

11

The parties plan to submit an Agreed Protective Order for the Court's approval to limit the use and disclosure of confidential and proprietary information disclosed during discovery.

13. **Settlement Potential:**

   a. **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 20, 2013, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

   b. **All parties were promptly informed of all offers of settlement, and following discussion by all counsel, it appears that there is now:**

   (*) **A possibility of settlement before discovery.**

   (X) **A possibility of settlement after discovery.**

   (*) **A possibility of settlement, but a conference with the judge is needed.**

   (*) **No possibility of settlement.**

   c. **Counsel (*) DO or (X) DO NOT intend to hold additional settlement conferences among themselves prior to the close of discovery.**

   d. **The following specific problems have created a hindrance to settlement of this case:**

   The parties do not believe that there is any specific problem that will hinder settlement at this time. However, the parties will not be able to

determine the possibility of settlement until after discovery has been conducted.

14. **Trial By Magistrate Judge:**

   **Note: Trial before a magistrate judge will be by jury trial if a party is otherwise entitled to a jury trial.**

   **(a)   The parties (   ) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United Stated Magistrate Judge form has been submitted to the clerk of the Court this ____ day of _____, 200_.**

   **(b)   The parties ( X ) DO NOT consent to having this case tried before a magistrate judge of this Court. The parties do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted,

Date:   September 4, 2013         **NICHOLS KASTER, PLLP**
/s/ Curtis P. Zaun
Michelle Fisher, MN Bar No. 303069
*mfisher@nka.com*
Paul J. Lukas, MN Bar No. 22084X
*lukas@nka.com*
Curtis P. Zaun, MN Bar No. 266310
*czaun@nka.com*
(Admitted pro hac vice)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

**ATTORNEYS FOR PLAINTIFFS**

13

/s/ Dennis M. McClelland
Dennis M. McClelland, FL Bar No. 296454
Florida Bar No. 0091758
*dennis.mcclelland@phelps.com*
(Admitted *pro hac vice*)

**PHELPS DUNBAR LLP**
100 South Ashley Drive
Suite 1900
Tampa, Florida 33602
Telephone: (813) 472-7550
Facsimile: (813) 472-7570

Susan W. Furr
Louisiana Bar No. 19582
*susie.furr@phelps.com*
Brandi B. Cole
Louisiana Bar No. 32396
*brandi.cole@phelps.com*
(Admitted *pro hac vice*)

**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street
Suite 1100
Post Office Box 4412
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197

> James J. Swartz, Jr.
> Georgia Bar No. 694319
> *jimswartz@rafusehill.com*
> Teeka K. Harrison
> Georgia Bar No. 543115
> *teekaharrison@rafusehill.com*
>
> **RAFUSE HILL & HODGES LLP**
> 1355 Peachtree Street, N.E.
> Suite 500
> Atlanta, Georgia 30309-3232
> Telephone: (404) 253-6000
> Facsimile: (404) 253-6060
>
> **ATTORNEY FOR DEFENDANT**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Keith Miller, et. al,

                    Case No.: 1:13-cv-2403-SCJ

      Plaintiffs,

v.

FleetCor Technologies Operating Company, LLC,

      Defendant.

## CERTIFICATE OF SERVICE

I certify that on September 27, 2013, I electronically filed the foregoing **Joint Preliminary Report and Discovery Plan** with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to the following attorney of record:

    Dennis M. McClelland
    PHELPS DUNBAR LLP
    100 South Ashley Drive, Suite 1900
    Tampa, Florida 33602
    *dennis.mcclelland@phelps.com*

                                    /s/ Curtis P. Zaun
                                    Curtis P. Zaun