**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Keith Miller, individually and on behalf
of all other similarly situated individuals,     Civ. No. 1:13-cv-2403-SCJ

        Plaintiffs,

v.

FleetCor Technologies Operating Co., LLC

        Defendant.

_____

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF PROPER SCOPE, MANNER, AND FORM OF COURT-AUTHORIZED NOTICE**

_____

## INTRODUCTION

FleetCor's opposition falsely claims that Plaintiff's counsel has "refused" to provide it information related to Plaintiff's Counsel's advertisement letters. To the contrary, in a November 12, 2013 email, attached hereto as Exhibit A, Plaintiff's Counsel specifically informed FleetCor:

- We've sent 32 ad letters
- Of those who have opted in, 10 received the ad letter
- 3 of the ad letters were returned as undeliverable
- Of the remaining 19, I have no idea whether they received the ad letter or are even in the putative collective

(See Ex. A.) Plaintiff's Counsel later clarified and informed Defendant that they had mailed 31, not 32, advertisement letters. Regardless of Defendant's

1

representations to this Court, whether 31 or 32 advertisement letters were sent, or if Plaintiff emailed a friend about his case, formal court-authorized notice should issue to all putative class members because informal advertisement letters are not a replacement for court-authorized notice.

As for the form, manner, and method of the notice, Plaintiff has attached a revised Proposed Notice (Exhibit B) adopting Defendant's suggestion that the notice should include a more specific statement of FleetCor's defenses, similar to that previously approved by this Court.[1]  Defendant's other proposed suggestions and objections should be rejected.

## ARGUMENT

### I. NO PUTATIVE COLLECTIVE CLASS MEMBERS SHOULD BE EXCLUDED FROM COURT-AUTHORIZED NOTICE.

#### A. Plaintiff's Written Correspondence Does Not Replace Judicial Notice.

In FLSA collective actions like this one, several courts have found that pre-certification correspondence with putative class members of a collective action should be allowed unless the communication contradicts a court notice, is misleading, or improper.  See, e.g., Heibel v. US Bank Nat'l Ass'n, 2012 WL 4463771, at *6-7 (S.D. Ohio Sept. 27, 2012) (citing other FLSA cases collecting similar decisions and concluding that the plaintiff's counsel's precertification

---

[1] Exhibit B includes a red-lined version of Plaintiff's original proposed notice and a clean copy with the changes accepted.

communications with potential class members do not form an appropriate basis for denying certification); see also In re Cavucci, No. 99-11704-J (11th Cir. July 28, 1999) ("the court's refusal to exercise its discretion in this instance does not prevent [Plaintiffs] from contacting potential plaintiffs without the court's approval").  Courts also regularly reject the argument that pre-certification communication with the collective class members restricts a plaintiff's right to judicial notice.  See, e.g., Ruggles v. WellPoint, Inc., 591 F. Supp. 2d 150, 164 (N.D.N.Y. 2008).  "[I]nformal efforts . . . to provide notice to potential opt-ins through advertisement letters or other means are not factors to be considered by courts when determining whether to approve court-authorized notice."  See Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007) (citing Shapero v. Kentucky Bar Ass'n, 486 U.S. 466 (1988)).

Indeed, in Hoffmann-LaRoche, counsel for plaintiffs sent over 600 advertisement letters prior to moving for conditional certification.  Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 168 (1989).  Notably, the letters at issue in Hoffmann-LaRoche, were sensational and subjective, using phrases such as "Black Monday Massacre," "war chest," and "Operation Throw 'Em Out."  Sperling v. Hoffmann-La Roche, Inc., 118 F.R.D. 392, 410 (D.N.J. 1988).  Despite these 600 letters, the Supreme Court found that the district court's authorization of notice

was appropriate, particularly in light of the goals and benefits of a collective action.  Id. at 170-172.

The same conclusions should be reached here.  Unlike Hoffmann-LaRoche, Plaintiffs' Counsel's advertisement letters are neither sensational nor contain colorful language, but instead, are non-misleading and factually accurate.  They were sent once on August 9, 2013 to a mere 31 individuals, 18 of who may or may not have received the advertisement letter.  In mailing the 31 advertisement letters, Plaintiff was in no way electing to bypass the first step of the two-step notice process adopted the Eleventh Circuit.  Instead, recognizing he carries the conditional certification burden—a burden often defended by arguments about the lack of similarly situated plaintiffs who desire to opt-in—Plaintiff mailed the advertisement letters in order to meet that burden.

Since the August 9th mailing, the Parties have stipulated to conditional certification, have agreed to a putative collective class definition, and have agreed that court-authorized notice should issue.  These 18 individuals in question are indisputably within the definition of the collective class.   Defendant suffers no prejudice if court-authorized notice is sent to them.  At bottom, Defendant seeks to exclude them because of its disbelief that there are at most 18 people who received Plaintiff's advertisement letter who have not joined based on the fact that the case currently includes 38 opt-in Plaintiffs.  According to Defendant, "[l]ogic suggests

that the notices were sent to a large number of employees" because 38 have opted in. Defendant's logic is flawed. As Defendant knows, letters were sent to 31 individuals and 10 joined the case after receiving the letter. The remaining 28 could have learned of the lawsuit in various ways including reading about it online or via word-of-mouth from a friend or co-worker. There is simply no reasonable basis to exclude these 18 from receiving court-authorized notice, particularly since neither Plaintiff nor Defendant knows whether they actually received the advertisement letter or not. And, even if they had, that is still insufficient grounds to exclude them.

Finally, the Court is not "stirring up litigation" or judicially endorsing this lawsuit by including the 18 in the scope of court-approved notice. Plaintiff's proposed notice includes the following phrase: "THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION, THE HONORABLE JUDGE STEVE C. JONES. THE COURT HAS MADE NO DECISION IN THIS CASE ABOUT THE MERITS OF PLAINTIFFS' CLAIMS OR DEFENDANT'S DEFENSES." (ECF No. 59-2.) To the extent there is any doubt about whether the Court has taken a position on the merits, Plaintiff is agreeable to moving this language to the top of the notice, and has done so in Exhibit B.

### B. This Case is Distinguishable from Dell' Orfano v. IKON Office Solutions, Inc.

Defendant's attempt to liken Plaintiff's Counsel's 31 advertisement letters to the 20,000 letters sent to "every potentially eligible employee of IKON" in Dell' Orfano v. IKON Office Solutions, Inc., No. 5:05-cv-2045 (CAR) (M.D. Ga. Aug. 18, 2006) (Def.'s Ex. C) fails.  There, the court had issued a discovery order, requiring IKON to provide the names and addresses of potential class members so plaintiff could conduct initial discovery as to the first-tier question of Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1233 (11th Cir. 2001).  Id. at *4.  While the court was hesitant to order the production of all of names and addresses of the putative class, it did so based on the plaintiff's counsel's representation that plaintiff would use the information to contact other employees and obtain affidavits to support his contention that others were similarly situated and desired to opt-in.  Id.; see Alexander v. CYDCOR, Inc., 2012 WL 1142449, at *2 (N.D. Ga. Apr. 6, 2012) (discussing conditional certification standard and citing Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 2567-68 (11th Cir. 1991)).  The plaintiff, however, used the initial discovery information for other purposes and signed up 800 consenting plaintiffs.  Because the plaintiff's conduct violated the spirit, if not letter, of the court's discovery order, the court concluded it would be wasteful for it to order further issuance of notice.  Id. at *2.

This case is not at all "remarkably similar" to Dell' Orfano as Defendant claims. There is no prior discovery order providing all of the names and addresses of each putative class member, and more importantly, nothing even close to improper conduct. Plaintiffs' Counsel has never known the identity or contact information for of all putative class members and has never intended to "bypass" court-authorized notice.[2] Defendant has known these facts for a long time, but has continued to insist on improperly excluding the 18 from the notice because it changed its compensation practices and began paying overtime to its sales representatives in August 2013. During these impending months, Defendant has saved significant money by delaying notice to every member of the putative class because with every day that passes, putative class members' claims continue to diminish until they opt-in and stop their statute of limitations.

This Court should promptly grant Plaintiff's motion and order notice to be sent to all putative class members.

---

[2] Defendant's assumption that Plaintiff was electing to bypass court-authorized notice is odd considering that there are a total of 208 putative class members and Plaintiff only mailed 31 advertisement letters. Further, Plaintiff's request for court-authorized notice can hardly be described as "late." This case is still in its early stages with Defendant recently producing its discovery responses. (ECF Nos. 52 and 53.)

## II. THE COURT SHOULD REJECT DEFENDANT'S PROPOSED CHANGES TO THE NOTICE.

Defendant proposes a number of changes to the proposed court-authorized notice which have been repeatedly rejected by courts.

First, with exceedingly few exceptions, courts include the case caption of the action in the notice because eliminating the case caption would itself cause the precise confusion Hoffmann-La Roche sought to avoid. Indeed, courts have recognized that it is "proper to include such basic identifying information." See Putnam v. Galaxy 1 Marketing, Inc., 276 F.R.D. 264, 277 (S.D. Iowa 2011); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 202 (S.D.N.Y.2006).

Moreover, it is not necessary to list the myriad ways that opt-in plaintiff may—or may not—be required to participate in the litigation. There is simply no requirement that notice of an FLSA collective action inform potential plaintiffs that, if they opted in, they would be subject to discovery obligations, depositions, trial testimony. Alexander v. CYDCOR, Inc., 2012 WL 1142449, at *8 (N.D. Ga. Apr. 6, 2012) (J. Jones) (recognizing that the defendant's preferred warnings about the burdens of litigation are by no means a legal requirement); Garcia v. Pancho Villa's of Huntington Village, Inc., 678 F. Supp. 2d 89 (E.D.N.Y. 2010). This Court in Alexander concluded that such language was "unnecessarily strong and could thus chill potential opt-in participation." Id. at *8.

8

In addition, this Court and others recognize that language regarding costs also unnecessarily chills participation. See Alexander, 2012 WL 1142449, at *7-8 (concluding that the notice did not need to warn putative plaintiffs about potential responsibility for costs where opt-ins might be chilled from joining based on unfounded and uniformed fears regarding larges costs); see also Schroeder v. Humana Inc., 2012 WL 5931886, at *9 (E.D. Wis. Nov. 27, 2012); Williams v. U.S. Bank Nat'l Ass'n, 2013 WL 3119055, at *10 (June 20, 2013); Green v. Executive Coach & Carriage, 895 F. Supp. 2d 1026, 1031 (D. Nev. 2012); Schroeder v. Humana Inc., 2012 WL 5931886, at *9 (E.D. Wis. Nov. 27, 2012); Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1019 (E.D. Mo. 2010); Guzman v. VLM, Inc., 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007); Courts therefore repeatedly reject a defendant's request for such language. The court should do the same here. Moreover, Plaintiffs' counsel has agreed to pay any costs imposed on its clients, to the extent ethical rules allow (and not to charge those costs back to individual plaintiffs). It is therefore unnecessary to include language regarding the imposition of costs.

The Court should also allow for notice via email and U.S. Mail. Courts routinely require the production of email addresses by defendants. See Alexander, 2012 WL 1142449, at *9 (allowing email notice); Santiago v. Amdocs, Inc., 2011 WL 6372348, at *8 (N.D. Cal. Dec. 19, 2011); Jankuski v. Heath Consultants, Inc.,

2012 WL 6055596, at *4 (N.D. Ill. Dec. 5, 2012); Jacob v. Duane Reade, Inc., 2012 WL 260230, at *9 (S.D.N.Y. Jan. 27, 2012); Simmons v. Enterprise Holdings, Inc., 2011 WL 855669, at *4 (E.D. Mo. Mar. 9, 2011). Recognizing society's reliance on electronic communications, district courts have increasingly authorized notice by email in addition to notice by mail. See, e.g., Butler v. DirectSAT USA, LLC, 876 F.Supp.2d 560, 575 (D. Md. Apr. 10, 2012) (noting that "communication through email is now the norm" and that notice by email "may be particularly appropriate" when the potential plaintiffs are "likely to be comfortable communicating by email."); Stuven v. Texas de Brazil (Tampa) Corp., 2013 WL 610651, at *6 (M.D. Fla. 2013); Denney v. Lester's, LLC, 2012 WL 3854466, *4 (E.D. Mo. 2012); Pippins v. KPMG LLP, 2012 WL 19379, at *14 (S.D.N.Y. Jan. 3, 2012) ("[G]iven the reality of communications today" email notice is "entirely appropriate"); Swigart v. Fifth Third Bank, 276 F.R.D. 210, 215 (S.D. Ohio 2011).

The Court should also approve a reminder notice. Because U.S. Mail and email at times do not reach the ultimate intended recipient, reminder notice ensures that the notice to class members achieves it maximum potential reach. In these cases, it is inevitable that many individuals will not open or receive the notice the first time it is sent or will lose it or throw it away. A reminder letter gives them another opportunity to join if they choose to do so. If they do not want to join,

they can simply disregard it. Reminder letters and subsequent mailings do not serve to "unnecessarily stir up litigation" as Defendant suggests. See, e.g., Alexander, 2012 WL 1142449, at *9 (authorizing two subsequent additional mailings after the initial notice mailing).

Finally, all identifying information sought by Plaintiffs is appropriate. Defendant objects to producing dates of birth, the last four digits of Social Security Numbers, and telephone numbers (in addition to email addresses, which have already been discussed). These pieces of information are critical in apprising class members of their rights. Because of the rate of turnover inherent in Defendant's high pressure sales industry, many potential opt-ins no longer work for defendant and have since relocated. Finding a "John Smith" who has moved on from his last known address is close to impossible. But with the aid of the additional information sought by Plaintiffs, ensuring that the correct John Smith receives the notice is much more manageable. Ironically, the only consequence of permitting Defendant to withhold critical identifying information is to increase the number of injured class members who never receive notice at all. See Spicer v. Pier Sixty LLC, 269 F.R.D. 321, 336, 339 (S.D.N.Y.2010) (granting FLSA collective action certification and ordering disclosure of potential opt-in plaintiffs' social security numbers); Whitehorn v. Wolfgang's Steakhouse, Inc., 2010 WL 2362981, at *3 (S.D.N.Y. June 14, 2010) (ordering production of putative class members' names,

addresses, and last known telephone numbers to "facilitate the speedy collection of data so that Plaintiff may quickly move for conditional certification and potentially begin the opt-in process"); Rincon v. B.P. Sec. & Investigations, Inc., 2006 WL 3759872, at *3 (S.D. Tex. Dec. 19, 2006) (ordering defendant to provide the dates of birth and social security numbers).

## CONCLUSION

For these reasons, the Court should grant Plaintiff's motion in full.

Date: February 13, 2014               Respectfully Submitted,

 s/Rachhana T. Srey
Rachhana T. Srey, MN Bar No. 340133
*srey@nka.com*
Curtis P. Zaun, MN Bar No. 266310
*czaun@nka.com*
(Admitted pro hac vice)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870

**ATTORNEYS FOR PLAINTIFFS**