## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KEITH MILLER, individually and on behalf of all other similarly situated individuals,** | § § § § | |
| **Plaintiff,** | § § § | |
| **v.** | § § § | **CIVIL ACTION NO. 1:13-cv-2403-SCJ** |
| **FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC,** | § § § | |
| **Defendant.** | § § | |

## DEFENDANT'S UNOPPOSED MOTION FOR PERMISSION TO SUPPLEMENT RECORD REGARDING PLAINTIFF'S NOTICE MOTION

Defendant FleetCor Technologies Operating Company, LLC ("FleetCor") hereby moves to supplement the record with the follow-up e-mail response sent by FleetCor's counsel to plaintiff's counsel after the e-mail exchange attached as Exhibit A to Plaintiff's Reply to Defendant's Response to Plaintiff's Notice Motion.  The e-mail response FleetCor requests to add to the record is attached hereto.

FleetCor seeks to supplement the record for the following reasons.  Plaintiff attached the e-mail exchange in plaintiff's Exhibit A to support the Reply's

incorrect assertion in the first sentence that FleetCor's opposition "falsely" claimed that plaintiff refused to provide information regarding who was previously sent written notice of this action.  After the e-mail exchange in plaintiff's Exhibit A, FleetCor learned through discovery that plaintiff *also* sent an e-mail directly to a putative class member with a description of the lawsuit, and the allegations in the lawsuit, with a link to access an opt-in consent form ("e-mail notice").   The concern of *both* letter *and e-mail* notices sent to putative class members is outlined in FleetCor's follow-up response to the e-mail exchange in plaintiff's Exhibit A and, as a matter of fairness, should be included in the record.  To date, plaintiff still has not identified *who* was sent letter notice and *who else* was sent e-mail notice of this action (*or how many putative class members were sent e-mail notices*) and has objected to all written discovery requests propounded by FleetCor seeking this information.

Counsel for movant conferred with counsel for plaintiff on February 14, 2014, and was informed that plaintiff does not oppose FleetCor's request to supplement the record with the attached e-mail.

Respectfully submitted, this 14th day of February, 2014.

**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street
Suite 1100
Post Office Box 4412
Baton Rouge, Louisiana  70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197

/s/ Dennis M. McClelland
Susan W. Furr
Louisiana Bar No. 19582
*susie.furr@phelps.com*
Brandi B. Cole
Louisiana Bar No. 32396
*brandi.cole@phelps.com*
(admitted *pro hac vice*)


**PHELPS DUNBAR LLP**
100 South Ashley Drive
Suite 1900
Tampa, Florida  33602
Telephone: (813) 472-7550
Facsimile: (813) 472-7570

Dennis M. McClelland
Florida Bar no. 0091758
*dennis.mcclelland@phelps.com*
(admitted *pro hac vice*)

Counsel for Defendant


**POLSINELLI PC**
1355 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309-3232
Telephone: (404) 253-6000
Facsimile: (404) 253-6060

/s/ James J. Swartz
James J. Swartz, Jr.
Georgia Bar No. 694319
*JSwartz@Polsinelli.com*
Teeka K. Harrison
Georgia Bar No. 543115
*THarrison@Polsinelli.com*

Local Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Local Rule 7.1D, the foregoing motion and incorporated memorandum of law has been prepared in Times New Roman, 14-point font, in conformance with Local Rule 5.1C.

/s/ Dennis M. McClelland
Counsel for Defendant

PD.11029347.1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KEITH MILLER, individually and on behalf of all other similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:13-CV-2403-SCJ |
| v. | ) ) | |
| FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC, | ) ) ) | |
| Defendant. | | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2014, I electronically filed the foregoing Answer and Defenses to Plaintiff's Complaint with the Clerk of Court using the CM/ECF system, which will send electronic notice to the following counsel of record:

John Thomas Sparks, Sr.
Austin & Sparks, P.C.
2974 Lookout Place, N.E., Suite 200
Atlanta, GA 30305-3272
404-869-0100
Fax: 404-869-0200

Rachhana Srey
Curtis P. Zaun
Nichols Kaster, PLLP-MN
80 South 8th Street, 4600 IDS Center
Minneapolis, MN 55402
612-256-3200
Fax: (612) 215-6870

/s/ Dennis M. McClelland
Counsel for Defendant

- 5 -

## Dennis McClelland (7865)

| | |
|---|---|
| **From:** | Dennis McClelland (7865) <mcclelld@phelps.com> |
| **Sent:** | Wednesday, November 27, 2013 5:05 PM |
| **To:** | 'Srey, Rachhana' |
| **Cc:** | 'Howe, Emilee'; 'Zaun, Curtis'; Susan Furr (2230) |
| **Subject:** | RE: Miller v. FleetCor |

Rachhana:

Sorry for the slight delay in responding to this.

Our position on this matter is that notice of the action should not be sent again to those who already have been sent notice of this action.   Your firm elected to send notice to employees (with consent forms attached).   Plaintiffs' document production demonstrates that Mr. Miller did the same through email communication.  We believe (and anecdotal information supports) that substantial numbers of employees received notice of this lawsuit.  The number of opt-ins in this case is in the percentage range that we typically see when court authorized notice is sent to a putative class.   In fact, as I told Curtis, given that over 5 months has passed and plaintiffs did not seek conditional certification and issuance of notice, and did not mention filing such a motion in the Rule 26(f) report, we assumed that you elected to bypass stage 1, send your own "notice," and proceed with litigation.

Arguably, sending the notices and consent forms to employees without court authorization was improper and could subject the consent forms to being stricken.  *See Melendez Cintron v. Hershey Puerto Rico, Inc.,* 363 F. Supp.2d 10 (D. P.R. 2005) (holding that employees were required to obtain court authorization prior to sending notice of suit to co-workers; striking consents filed as result of improper notice).   Putting that aside, and to avoid the seemingly unnecessary steps of striking consents and having a "do over" on the notice, we are willing to work with you in terms of agreeing to the issuance of notice to those who were not already sent notice of this action.  But to do that we need to know who was sent letter/email notices by your firm and/or by Mr. Miller.  We will not agree to notice to those already sent notice – they already were informed of the lawsuit and informed of their ability to opt-in.  We believe that to provide them *additional* notice would be an unwarranted effort to stir up litigation.  So, given our respective positions, it seems we will need some motion practice to resolve our disagreement.

In the meantime, given that it seems our primary dispute is over the scope of who would be sent notice, if you want to send us the form of notice you propose, we can review that while we seek resolution of the issue on which we cannot reach agreement at this point.

I hope you and your team have a happy thanksgiving.

**From:** Srey, Rachhana [mailto:srey@nka.com]
**Sent:** Thursday, November 21, 2013 3:11 PM
**To:** Dennis McClelland (7865)
**Cc:** Howe, Emilee; Zaun, Curtis; Susan Furr (2230)
**Subject:** RE: Miller v. FleetCor

Sounds good.  Thanks.



1

**Rachhana T. Srey**
Partner
612-256-3239 | srey@nka.com

4600 IDS Center, 80 S. 8th St.
Minneapolis, MN 55402
877-448-0492 | fax: 612-215-6870
www.nka.com
contact card

EMPLOYEE & CONSUMER RIGHTS | Visit Us on the Web:

The information contained in this transmission may be attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Dennis McClelland (7865) [mailto:mcclelld@phelps.com]
**Sent:** Thursday, November 21, 2013 2:07 PM
**To:** Srey, Rachhana
**Cc:** Howe, Emilee; Zaun, Curtis; Susan Furr (2230)
**Subject:** RE: Miller v. FleetCor

Rachana:
Thank you for your response.  We need to know who was sent the letters in order to reach an agreement, so it seems like we are stuck.  Let me consult with my co-counsel and client and get back to you by Tuesday.  I don't think we will reach full agreement but perhaps we can narrow the issues for motion practice.  I discussed the possibility with both Paul and Curtis.

**From:** Srey, Rachhana [mailto:srey@nka.com]
**Sent:** Thursday, November 21, 2013 12:32 PM
**To:** Dennis McClelland (7865)
**Cc:** Howe, Emilee; Zaun, Curtis
**Subject:** RE: Miller v. FleetCor

Dennis,

I'm sorry it's taken me a little while to get in touch with you.  I talked briefly with Paul.

We're not going to provide you with the names of the people we sent an ad letter to.  From my view, providing the company with the names of these individuals would only serve to chill participation because the only way the company could verify actual receipt would be to ask the person directly if he or she did or did not actually receive the letter.   Plus, even if the company could verify actual receipt without intimidating the recipient, I'm not interested in agreeing to exclude actual recipients from the scope of the notice.

By the way, I was wrong, it wasn't 32 letters, but rather 31.

Given this, please let me know by Tuesday if you're interested in trying to reach some sort of agreement regarding conditional certification.  We could agree to conditional certification and leave the proper scope issue to motion practice or perhaps your client may want to just leave the whole thing to motion practice.   Fine with me either way, just let me know.

Thanks,

Rachhana



**Rachhana T. Srey**
Partner
612-256-3239 | srey@nka.com

4600 IDS Center, 80 S. 8th St.
Minneapolis, MN 55402
877-448-0492 | fax: 612-215-6870
www.nka.com
contact card

EMPLOYEE & CONSUMER RIGHTS | Visit Us on the Web:   

The information contained in this transmission may be attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Dennis McClelland (7865) [mailto:mcclelld@phelps.com]
**Sent:** Thursday, November 14, 2013 8:40 AM
**To:** Srey, Rachhana
**Subject:** RE: Miller v. FleetCor

Rachhana:
Thanks for your response.  I received your discovery responses but have not been able to review them yet because I have been consumed with other pressing matters.  I will circle back if there are any issues.  I expect to be able to look at them late today or tomorrow.

In terms of conditional certification, like I discussed with Paul, please provide me the names of those sent the letters with some type of verification that the list is complete.  This for my client, who seems to believe many more went out (based on anecdotal information from people reporting that they had received the letters, etc.).  Once we are comfortable with that, we can discuss the possibility of agreeing to issuance of notice to those who did not receive the letter.  Like you said, it may not be a lot of people at issue.

I'm travelling today for depositions in Tallahassee but will be back and can talk tomorrow afternoon.  Hopefully I will have been able to review your discovery responses by then.


**From:** Srey, Rachhana [mailto:srey@nka.com]
**Sent:** Tuesday, November 12, 2013 2:52 PM
**To:** Dennis McClelland (7865)
**Subject:** Miller v. FleetCor

Hey Dennis, sorry we didn't get to touch base last week.  Sounds like you were busy not attending the conference and I had a couple of unexpected fires to put out.

In any event, I assume you got our discovery because it did not bounce back.

What do you want to do about conditional certification?  In terms of the stats, here's what I know:
- We've sent 32 ad letters
- Of those who have opted in, 10 received the ad letter

3

- 3 of the ad letters were returned as undeliverable
- Of the remaining 19, I have no idea whether they received the ad letter or are even in the putative collective

Doesn't seem like we should be fighting over conditional certification or the scope of notice based on at maximum 19 people, does it?

I have two back to back conference calls this afternoon but should be free after 3 p.m. my time if you'd like to discuss.

Thanks,
Rachhana



**Nichols Kaster**
ATTORNEYS AT LAW

**Rachhana T. Srey**
Partner
612-256-3239 | srey@nka.com

4600 IDS Center, 80 S. 8th St.
Minneapolis, MN 55402
877-448-0492 | fax: 612-215-6870
www.nka.com
contact card

EMPLOYEE & CONSUMER RIGHTS | Visit Us on the Web: 

The information contained in this transmission may be attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.