IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEITH MILLER, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

FLEETCOR TECHNOLOGIES
OPERATING COMPANY, LLC.,

    Defendant.

CIVIL ACTION FILE

No. 1:13-CV-02403-SCJ

**<u>ORDER</u>**

This matter is before the Court on Plaintiff's Motion for Approval of Proper Scope, Manner, and Form of Court-Authorized Notice (the "Motion for Notice Approval") [Doc. No. 57], and on Defendant's Unopposed Motion for Permission to Supplement Record Regarding Plaintiff's Notice Motion (the "Motion to Supplement") [Doc. No. 76].

**I.    BACKGROUND**

Defendant provides fuel cards and other products to customers [Doc. Nos. 1, ¶10; and 26, ¶10]. Defendant's customers in turn provide Defendant's fuel cards to members of the customers' workforce, to use in fueling company vehicles [Doc. Nos. 1, ¶11; and 26, ¶11]. Plaintiff Keith Miller ("Plaintiff') works in a non-supervisory sales position in Defendant's Norcross, Georgia office [Doc.

1

Nos. 1, ¶13; and 26, ¶13].  Plaintiff performs sales work from inside Defendant's offices, and has worked as a sales representative with Defendant since approximately 2008 [Doc. Nos. 1, ¶¶15, 28; and 26, ¶¶15, 28].  Beginning at some point in 2011, Defendant compensated Plaintiff with hourly wages and commissions [Doc. Nos. 1, ¶17; and 26, ¶17].

Plaintiff filed this action under the Fair Labor Standards Act ("FLSA") on behalf of himself and other similarly situated individuals (the "Collective Plaintiffs") [Doc. No. 1, 1].  Plaintiff alleges that the Collective Plaintiffs at times worked more than forty hours during work weeks [*Id.* at ¶19].  Plaintiff further alleges that Defendant violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to compensate the Collective Plaintiffs for overtime hours worked [*Id.* at ¶¶16–26].  Defendant denies Plaintiff's allegations, maintains that the Collective Plaintiffs are not "similarly situated" within the meaning of that term under the FLSA, and raises a number of other defenses [Doc. No. 26, ¶¶6, 16–26, and pp. 12–15].

On December 20, 2013, the Parties filed a Joint Stipulation for Conditional Collective Certification, agreeing to conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b) (the "Joint Stipulation") [Doc. No. 49, 3].  The Parties further agreed to conditionally define the collective as "any individual who

worked for Defendant FleetCor Technologies Operating Company, LLC, in Norcross, Georgia, in the position of 'Inside Sales Representative' or 'Outbound Sales Representative' at any time from December 15, 2010 to August 1, 2013" [*Id.*] (the "Stipulated Collective").[1]   However, while the Parties agreed that court-authorized notice should be provided to at least some members of the Stipulated Collective, they failed to reach a consensus regarding (1) whether the notice should be sent to members of the Stipulated Collective that already had been provided with written notice of the action (the "scope" of notice); (2) whether, in addition to providing an initial notice via Certified Mail, Plaintiff should be allowed to provide a second, "reminder" notice, and also whether Plaintiff should be allowed to provide notice via e-mail (the "manner" of notice); and (3) the appropriate content for the notice (the "content" of the notice) [*See* Doc. Nos. 49, 2; 59; 74; and 75].   The Parties proposed to resolve this dispute through motions practice, according to a stipulated briefing schedule [Doc. No. 49, 3].[2]   Having considered the Parties' arguments, the Court will now rule.

---

[1]   The Court notes that Defendant "does not concede that Plaintiffs are, in fact, similarly situated under the FLSA," and "reserves the right to file a motion for decertification of the conditionally certified class." [Doc. No. 49, 3].

[2]   The Court later agreed to modify the stipulated briefing schedule in response to Plaintiff's Unopposed Motion to Modify Stipulation Deadlines [Doc No. 54].

## II.    DISCUSSION

To begin, the Court grants Defendant's Motion to Supplement [Doc. No. 76], and has reviewed the e-mail exchange attached as Exhibit A to that Motion in considering Plaintiff's Motion for Notice Approval [Doc. No. 59].

Moving on, it is not clear to the Court that, given the Parties' Joint Stipulation, "the issue of whether this case should be conditionally certified for notice and discovery purposes is not presently before this Court" [Doc. No. 59, 1].  To the contrary, it is well established that decisions regarding the certification of Section 216(b) claims are "soundly within the discretion of the district court." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).  While the Parties' Joint Stipulation is certainly relevant to the Court's determination, it is not dispositive, and the fact remains that the Court has never explicitly granted conditional certification in this case.[3]

District courts "should treat the initial decision to certify and the decision to notify collective action members as  synonymous."  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, n.40  (11th Cir. 2008); *see also Maddox v. Knowledge Learning Corp.*,

---

[3]  The Court's January 15, 2014 Order approved the Parties' Motion to modify the deadlines for briefing issues regarding the proper scope, form, and content of any court-authorized notice.  It did not grant conditional certification [*See* Doc. No. 57].

499 F. Supp. 2d 1338, 1345 (N.D. Ga. 2007) (refusing to consider the form and content of notice before ruling upon a plaintiff's motion for conditional certification).  The Parties having stipulated to conditional certification, and having fully briefed their arguments regarding the proper scope, manner, and content of notice, the Court must first decide whether to conditionally certify the Stipulated Collective defined in the Parties' Joint Stipulation [Doc. No. 49, 3].  If conditional certification is granted, the Court will then address the Parties' arguments regarding the scope, manner, and content of the requested notice.

### A.    CONDITIONAL CERTIFICATION

Section 216(b) of the FLSA provides that employees may bring a collective action against an employer to recover unpaid overtime wages.  *Morgan*, 551 F.3d at 1258.  Collective action provides plaintiffs with an opportunity to pool resources, and benefits the court system by facilitating "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity."  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Billingsley v. Citi Trends, Inc.*, No. 13-12561, 2014 WL 1199501, at *5 (11th Cir. Mar. 25, 2014) ("Congress has expressed a policy that FLSA plaintiffs should have the opportunity to proceed collectively.").  Unlike collective actions under Federal Rule of Civil Procedure 23,

"[p]articipants in a § 216(b) collective action must affirmatively opt into the suit." *Morgan,* 551 F.3d at 1258–59. Thus, the aforementioned benefits conferred by collective action in Section 216(b) cases "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann*, 493 U.S. at 170.

The Eleventh Circuit has sanctioned a two-stage process for district courts considering whether to certify a collective action under § 216(b). *Morgan,* 551 F.3d at 1260. The first stage is the "conditional certification stage" or "notice stage," during which the plaintiffs must show a reasonable basis for their claim that there are similarly situated employees who should be notified. *Id.* at 1260–61. The second stage occurs towards the close of discovery, and is generally precipitated by an employer's motion for decertification. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). Reasonable basis for the conditional certification of a collective of plaintiffs for notice exists when (1) other employees wish to opt in, and (2) the potential opt-in employees are "similarly situated" with regard to their job requirements and pay provisions. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). The Eleventh Circuit has described the standard for determining similarity at the conditional certification stage as "not particularly stringent." *Morgan*, 551 F.3d at 1260 (quoting *Hipp*, 252 F.3d at 1208). Upon determining that

6

a reasonable basis exists, the court conditionally certifies a class that can then receive notice of the action.   *Morgan,* 551 F.3d at 1261 n.40.   A district court will typically look to pleadings and affidavits when deciding whether to conditionally certify an FLSA class.   *See Hipp*, 252 F.2d at 1218.

The Parties agree that Keith Miller, the named Plaintiff in this case, works for FleetCor as an inside sales representative at its Norcross, Georgia, office [*Compare* Doc. No. 74, 3, *with* Doc. No. 1, ¶13, and Doc. No. 26,¶13].   The Parties likewise agree that Mr. Miller and a number of other putative class members still work for Defendant at the Norcross location [Doc. No. 74, 3; Doc. No. 49].   That at least some of these employees wish to join this case is evidenced by the declarations of forty-three individuals that Plaintiff has filed with the Court as of April 4, 2014.[4] These declarations include a statement that "[d]uring the past three years, there were occasions when I worked over 40 hours per week as an inside sales representative, or other similar job title, for FleetCor, and did not receive proper compensation for all my hours worked, including overtime pay" [*See supra* note 4.].

---

[4]  Doc. Nos. 1; 7-10; 13–14; 18; 20–21; 25, 27–32; 34; 36–37; 41; 48; 50; 55–56; 58; 60; 77–78; 81; 83; and 84.   These are cited as evidence supporting conditional certification.   To be clear, Defendant maintains the members of the conditionally-defined collective are not similarly situated under the FLSA [Doc. No. 49, 3].

Thus, facts upon which the Parties agree, as well as the forty-three "Consent to Join" declarations, provide evidence of a group of Defendant's employees that are "similarly situated" with respect to job requirements and pay provisions, and that a number of those employees wish to join this case. In light of this, and taking into account the Parties' Joint Stipulation to a conditional certification of this case as a collective action under Section 216(b) [Doc. No. 49, 3], the Court finds there is a reasonable basis for conditional certification, and approves the provision of notice to the Parties' Stipulated Collective.

Having conditionally certified the Stipulated Collective, the Court will now address the Parties' arguments regarding the scope, manner, and content of notice.

## B.   SCOPE, MANNER, AND CONTENT OF NOTICE

A district court has discretionary authority over the form of notice provided in FLSA collective actions, but must take care to avoid the appearance of judicial endorsement. *See Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 174 (1989); *Billingsley v. Citi Trends, Inc.,* No. 13-12561, 2014 WL 1199501, at *6–8 (11th Cir. Mar. 25, 2014); *Dybach v. Fla. Dep't of Corr.,* 942 F.2d 1562, 1567-68 (11th Cir. 1991). Defendant argues that, to avoid judicial endorsement, this Court should reject or modify a number of the proposals for notification advanced by Plaintiff [Doc. No. 74]. While Plaintiff has agreed to certain modifications in light of

Defendant's arguments [*See* Doc. No. 75], the Parties nevertheless remain at odds over a number of issues concerning the appropriate scope, manner, and content of the notice.  The Court will consider these in turn.

### 1.    Scope of Notice

Plaintiff argues that notice should be provided to all members of the Stipulated Collective defined by the Parties [Doc. Nos. 59, 4–7; Doc. No. 75, 2–7].  In response, Defendant objects to providing notice to any members of the Stipulated Collective to whom Plaintiff already has provided notice [Doc. No. 74, 6–14]. According to Defendant, Plaintiff has from the outset aggressively solicited plaintiffs by providing written notice to large numbers of Defendant's employees through both e-mail and letter communications [Doc. Nos. 74, 1–6; and 76, 6–9].  Given this, Defendant feels that Plaintiff's request to provide court-approved notice to previously-notified individuals constitutes an abuse of the conditional certification process in an attempt to "stir litigation" [*Id.*].[5]  In reply, Plaintiff admits to having mailed "advertisement letters," to thirty-one individuals, but states that three of these were returned as undeliverable  [Doc. No. 75, 4–5].  According to Plaintiff,

---

[5] Defendant states that Plaintiff's refusal to provide discovery on this issue has left Defendant unaware of the actual number of potential opt-in plaintiffs that already have received notice of this action [Doc. Nos. 74, 4–5; and 76, 2].

9

Defendant improperly seeks to delay the provision of notice by raising objections over the potential re-notification of members of the Stipulated Collective [*Id.* at 7].

Having considered the Parties' arguments, the Court will allow Plaintiff to distribute at least one court-approved notice to every member of the Stipulated Collective.  To facilitate this notice, Defendant shall produce to Plaintiff the contact information Plaintiff has requested for every member of the Stipulated Collective. However, Plaintiff will not be allowed to send a "reminder notice" to any individual that was sent written notice of this action via U.S. mail or similar carrier prior to the entry of this Order, unless such individual did not in fact receive written notice.

a.   **At least one court-approved notice shall issue to all members of the Stipulated Collective.**

In support of its argument that court-approved notice should not issue to individuals that already have received written notice from Plaintiff, Defendant cites to *Dell'Orfano v. IKON Office Solutions, Inc.*, No. 5:05-cv-0245 (CAR) (M.D. Ga. Aug. 18, 2006) [hereinafter "*Dell'Orfano* Certification Order"] (order on motion for class certification).  In that case, the plaintiff developed a mass-mailed notice targeting "every potentially-eligible employee of IKON," which numbered nearly 20,000 individuals.  *Id.* at 5.  The *Dell'Orfano* court refused to grant the plaintiff's subsequent request to provide court-approved notice to "similarly situated"

employees, reasoning that notice had in fact already been provided to all of IKON's employees.  *See id.* at 7.

The Court disagrees that Plaintiff in this case has, like the *Dell'Orfano* plaintiff, "elected to essentially bypass Stage I of Hipp by sending notices of this action . . . without this Court's authorization" [*See* Doc. No. 74, 8-10].  For one thing, the *Dell'Orfano* defendant was ordered to disclose the contact information for virtually all of its employees through interrogatory responses.  *See Dell'Orfano v. IKON Office Solutions, Inc.*, No. 5:05-cv-0245 (CAR) (M.D. Ga. Feb. 3, 2006) [hereinafter "*Dell'Orfano* Discovery Order"].  Defendant here has not been ordered to produce such information, and Plaintiff maintains that it does not possess the contact information for the individuals comprising the Stipulated Collective [Doc. No. 75, 7]. Furthermore, the *Dell'Orfano* plaintiff used a mass mailing to indiscriminately solicit as many as 20,000 individuals before requesting court-approved notice for a subset those individuals.  *See Dell'Orfano* Certification Order at 1–2, 7–8.  Contrastingly, Plaintiff in this case maintains that it has mailed written notice to only 31 individuals, and there is nothing in the record to indicate otherwise [Doc. No. 74, 5 n.1].  Furthermore, as the *Dell'Orfano* court recognized, at least some pre-certification contact between a Section 216(b) plaintiff and potential opt-in parties is necessary, because it would be difficult for a such plaintiff to establish the

11

existence of "similarly situated" individuals without "the opportunity to challenge [countervailing evidence] through discovery or [to] seek affidavits of his own." *Dell'Orfano* Discovery Order at 4; *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260–61 (11th Cir. 2008) ("reasonable basis" for existence of "similarly situated" opt-in plaintiffs requires more than unsupported assertions of counsel); *Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1341–1344 (N.D. Ga. 2007) (district court may prohibit "pre-certification statements that are factually inaccurate, unbalanced, or misleading," but outright prohibition of pre-certification communication with potential opt-in plaintiffs would be an abuse of discretion).

Defendant also argues that the Court should deny Plaintiff's request to provide court-authorized notice to members of the Stipulated Collective who already were sent notice because some courts have forbidden the issuance a "reminder notice" in Section 216(b) cases [Doc. No. 47, 13]. However, Defendant has cited no Eleventh Circuit case where, on similar facts as the present case, issuance of a "reminder notice" has been proscribed.[6]  Moreover, while it is the Court's responsibility to prevent the issuance of "unapproved, misleading notice

---

[6] Moreover, the undersigned has previously authorized issuance of a "reminder notice" in an FLSA case.  *See Alexander v. CYDCOR, Inc.*, No. 1:11-cv-1578-SCJ, 2012 WL 1142449, at *9 (N.D. Ga. Apr. 6, 2012) (granting motion for preliminary certification and ruling that "Plaintiffs are also permitted to send two additional mailings of the Notice to all potential class members with a blind copy to Defendant.").

communications to absent class members" (*see Billingsley v. Citi Trends, Inc.*, No. 13-12561, 2014 WL 1199501, at *6–8 (11th Cir. Mar. 25, 2014) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71 (1989)); *see also Maddox* 499 F. Supp. 2d at 1341–44 (N.D. Ga. 2007)), Defendant here admits that the letter and e-mail notice at issue were "not overtly misleading," and in fact "resemble in many respects the type of notices that courts approve in Section 16(b) collective action cases." (Doc. No. 74, 8 n.3 and accompanying text).

The benefits conferred by collective action in Section 216(b) cases "depend on employees receiving accurate and timely notice." *Hoffmann*, 493 U.S. at 170. Defendant's arguments do not compel a different outcome with respect to court-approved notice for members of the Stipulated Collective in this case. Accordingly the Court finds that, on these facts, accurate and timely notice concerning the pendency of the collective action is best ensured by allowing Plaintiff to provide at least one court-approved notice to all members of the Stipulated Collective.

> **b.    Defendant shall produce to Plaintiff the contact information Plaintiff has requested for every member of the Stipulated Collective**

To facilitate court-approved notice, Defendant must provide Plaintiff with the requested contact information for each member of the Stipulated Collective, including each individual's name, job title, last known address, personal email

address, telephone number, date of birth, dates of employment, and social security numbers (last four digits only) [Doc. No. 59-4, 2].  While Defendant argues that it should not be required to provide personal e-mail addresses, telephone numbers, dates of birth, or social security numbers, it has cited no controlling authority holding that production of such information may not be required [*See* Doc. No. 74, 22–23].  Furthermore, when granting conditional certification in previous FLSA cases, the undersigned has ordered the production of telephone numbers and personal e-mail addresses, *see Alexander v. CYDCOR, Inc.*, No. 1:11-cv-1578-SCJ, 2012 WL 1142449, at *9 (N.D. Ga. Apr. 6, 2012), as well as dates of birth and social security numbers (last four digits), *see Rindfleisch v. Gentiva Health Services, Inc.*, No. 1:10-cv-3288 (N.D. Ga. April 13, 2011). *See also Reyes v. Carnival Corp.*, No. 04-cv-21861, 2005 WL 4891058, at *9–10 (S.D. Fla. May 25, 2005) (granting in part motion for conditional certification and ordering production of telephone numbers, e-mail addresses, and social security numbers).  Accordingly, Defendant must produce this information.

However, the Court shares Defendant's concerns regarding confidentiality, and wishes to make clear that Defendant is only required to disclose the last four digits of any Social Security numbers that it produces pursuant to this Order.  *See Rindfleisch*, No. 1:10-cv-3288, at 12 (N.D. Ga. April 13, 2011) (emphasis added) ("In

regards to the social security numbers, the Court is concerned with the Class's privacy; therefore, [the defendant] may disclose *only the last four digits*."). Moreover, within two weeks of the conclusion of these proceedings, Plaintiff will be required to destroy all record of any Social Security numbers provided by Defendant pursuant to this Order. *See id.*

Furthermore, Defendant is correct that the notice stage should be a "neutral" process [*See* Doc. No. 74, 23]. The Parties are thus forbidden to initiate contact with members of the Stipulated Collective during the notice stage, unless (1) pursuant to this Order's provisions for providing court-approved notice; (2) upon leave of the Court; or (3) after a Notice of Consent has been filed for the member in question.

> **c.    Plaintiff will not be allowed to send a "reminder notice" to any individual that was sent written notice of this action via U.S. mail or similar carrier prior to the entry of this Order.**

As discussed above, at least one court-approved notice shall be distributed to every member of the Stipulated Collective. However, given the fact that at least ten of the thirty-one individuals that Plaintiff admits to having mailed written notice eventually opted into the action, [Doc. Nos. 59, 7 n.2; and 75, 4–5], it is clear that Plaintiff's initial "advertisement letters" were successful in providing notice of this

case.[7]  A single court-approved notice should thus suffice as a "reminder notice" for individuals to whom Plaintiff already has sent similar written notice.  Plaintiff therefore will not be permitted to send more than one court-approved notice to any member of the Stipulated Collective that already has received written notification of this action.  This includes the individuals provided with notice via Plaintiff's August 9, 2013 mailing, as well as any other individuals to whom Plaintiff or its counsel has distributed written notice via U.S. mail or similar carrier prior to the entry of this Order.[8]  Plaintiff will be allowed to send both initial and "reminder" court-approved notices to any members of the Stipulated Collective that have not already received written notification of this action.

## 2.    Manner of Notice

Plaintiff and Defendant agree that court-approved notice should be distributed via first class mail, and that the notice stage should extend for sixty days

---

[7]  Furthermore, while Plaintiff maintains that only ten of the individuals receiving notice via the August 9, 2013 mailing have opted into the litigation, Plaintiff has filed Consent Notices for a total of forty-three individuals.  *See supra* note 4 and accompanying text.  It is unclear whether any of the additional thirty-three individuals received notice from Plaintiff, whether through its August 9, 2013 mailing or otherwise.

[8]  Plaintiff states that it mailed thirty-one advertisement letters on August 9, 2013, but that three were returned as "undeliverable" [Doc. Nos. 59, 7 n. 2; and 75, 4–5].  Plaintiff may send both an initial and a "reminder" notice to the three "undeliverable" individuals, but may not send a "reminder" notice to any individuals to whom it already has sent written notice, where Plaintiff has no evidence that such notice was "undeliverable."

following the first mailing of such notice [Doc. Nos. 59, 14–16; 74, 19].  However, the Parties disagree over the provision of notice via e-mail, and over the issuance of a "reminder notice" 30 days before the end of the notice stage.  Plaintiff argues that the use of e-mailed notice and a "reminder notice" would best achieve accurate and timely notice of this action [*See* Doc. No. 59, 15–16].  Defendant argues that allowing e-mailed notice and/or a "reminder notice" risks the appearance of judicial partiality, and that to avoid this "[t]he Court should permit plaintiff to send <u>one</u> notice, via first class mail, to any putative class member who has not already been sent written notice of this action"[Doc. No. 74, 19–22].  Defendant also asks the Court to prohibit contact with potential class members during the notice period, and to require that the content of any notice appearing on internet websites mirror the final court-approved notice [*Id.*].

For the reasons discussed above in Part II.B.1., Plaintiff may provide at least one court-approved notice to all members of the Stipulated Collective, and may also issue a "reminder notice" to all members of the Stipulated Collective that have not already received written notification of this action.[9]

---

[9]  *See supra*, note 8 and accompanying text for a more detailed explanation of which members of the Stipulated Collective may be sent a "reminder notice."

With respect to e-mail notification, the undersigned has allowed the distribution of court-approved notice via e-mail in a prior FLSA case. *See Alexander v. CYDCOR, Inc.*, No. 1:11-cv-1578-SCJ, 2012 WL 1142449, at *9 (N.D. Ga. Apr. 6, 2012) (notice "shall be distributed . . . by first class mail, email (if available) and/or overnight delivery"). Defendant has cited no controlling authority that would prohibit e-mail notice in this case [*See* Doc. No. 74, 19–22], and the Court finds that the facilitation of court-approved notice to potential members of the collective is furthered by permitting limited notification via e-mail in this case. Accordingly, Plaintiff may issue a single e-mail notification at the same time that it sends any court-approved notice via certified mail or similar carrier pursuant to this Order.

Plaintiff is furthermore authorized to maintain an internet website for the purpose of informing similarly situated persons of their right to join this litigation as plaintiffs. However, the content provided must comply with the instructions below in Part II.B.3., regardless of whether such notice is mailed, e-mailed, or maintained on an internet website. Finally, as discussed above in Part II.B.1., during the notice stage the Parties are prohibited from contacting members of the Stipulated Collective that have not yet filed a Consent to Join, except as specifically provided for in this Order, or upon leave of the Court.

### 3. Content of Notice

Defendant argues that any court-approved notice should include a judicial disclaimer immediately following the case caption, as well as a statement of Defendant's position on the matter, including its defenses [Doc. No. 74, 15–17]. Plaintiff has agreed to these requests, and the Court approves of the statement of defenses that Plaintiff has included on the first page of its revised proposed notice [Doc. No. 75–2, 2], with the exception that the entirety of the following statement:

> FleetCor is the defendant in this action and denies the allegations in the Plaintiff's complaint. It is FleetCor's position that its sales representatives received all compensation owed to them. FleetCor also claims that it at all times acted in good faith and that it did not violate the FLSA.

should appear on the first page of the notice, rather than (as currently formatted) running onto the second page [Doc. No. 75-2, 2–3].

Defendant also requests a more specific statement of potential consequences for plaintiffs choosing to opt into this case [Doc. No. 74, 17]. Plaintiff's current proposed notice states that persons joining the case "might be required to provide information or otherwise participate in the litigation" [Doc. No. 75-2, 3]. Defendant argues that this statement is vague, and should be altered to state that such persons "will be expected to participate in the litigation and . . . may be required to provide information and documents, appear to give a deposition, and/or testify in court" [Doc Nos. 74, 17–18 and 74-5, 3]. Defendant further argues that the notice should

include a statement "that opt-in plaintiffs may share liability for FleetCor's costs if they join the action but do not prevail in the case" [Doc Nos. 74, 18–19 and 74-5, 3].

In previous FLSA cases, the undersigned has rejected similar language as unnecessarily strong, and likely to chill participation. *See Alexander v. CYDCOR, Inc.*, No. 1:11-cv-01578-SCJ, 2012 WL 1142449, at *7–8 (N.D. Ga. Apr. 6, 2012); *Rindfleisch v. Gentiva Health Services, Inc.*, No. 1:10-cv-3288 (N.D. Ga. April 13, 2011) (approving a collective action notice that did not warn of costs or the burdens of litigation). For similar reasons, the Court rejects Defendant's proposed language regarding opt-in consequences. The Court further notes that while it approves of Plaintiff's proposed language on this point, the third sentence of the "Effect of Joining This Case" section should be corrected to reference "you and the other employee<u>s</u>" instead of "you and the other employee" [*See* Doc. No. 75-2, 3].

However, the Court is mindful of the need to manage the notice stage to ensure it is conducted "in an efficient and proper way," while avoiding "even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170–74 (1989). With this in mind, the Court has carefully reviewed the notice language proposed by both Parties [*See* Doc Nos. 74-5; and 75-2], and Orders the following revisions to Plaintiff's revised proposed notice [Doc. No. 75-2, 2–5].

a.    Revisions to the "Notice of Pending Lawsuit" section

The boldfaced language following the "TO:" on the first page of Plaintiff's proposed notice shall be modified to begin, "Any individual who worked for FleetCor Technologies Operating Company . . ." instead of "Any individual who worked for Defendant FleetCor Technologies Operating Company . . ." [Doc. No. 75-2, 2].  The Court is concerned that, as currently worded, this sentence implies that all members of the Stipulated Collective will be able to maintain an action against FleetCor Technologies as the Defendant, which at this point in the case is not a certainty.  Furthermore, to avoid any appearance of judicial endorsement the capitalized disclaimer language currently appearing on the first page of Plaintiff's proposed notice [*id.*] shall be replaced with the following language:

> THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION, THE HONORABLE STEVE C. JONES.  THIS MAILING IS INTENDED TO PROVIDE NOTICE TO POTENTIAL CLAIMANTS, AND DOES NOT INDICATE THE COURT'S APPROVAL OF EITHER THE PLAINTIFF OR THE DEFENDANT IN THIS CASE.  THE COURT HAS MADE NO DECISION IN THIS CASE ABOUT THE MERITS OF PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.

These revisions emphasize the Court's neutrality in this matter.  *See Sperling v. Hoffman-La Roche, Inc.*, 862 F.2d 439, 447 (3d Cir. 1988) (observing that "[o]rdinarily the better practice would be to exclude any reference in the notice indicating it had been approved or authorized by the court," but

declining to rule on the inclusion of such a reference in light of the district court's use of disclaimer language).

Furthermore, the first sentence under the "Introduction" heading advises all recipients that "an overtime lawsuit exists that you may join" [Doc. No. 75-2, 2].  This implies that all recipients are guaranteed the right to join this action, which again at this point is not a certainty.  Accordingly, this sentence shall be revised to read as follows:

> The purpose of this notice is to inform you that an overtime lawsuit exists that you may be eligible to join, to advise you of how your rights may be affected should you choose to join this lawsuit, and to instruct you on the proper procedure for participating in this lawsuit, should you choose to do so.

### b.    Revisions to the "Your Right to Join This Case" section

The first sentence of this section begins "The United States District Court for the Northern District of Georgia has authorized that this notice be sent to all persons who have potential claims . . ." [Doc. No. 75-2, 3].  This inappropriately conveys judicial approval for Plaintiff's action, particularly in the absence of disclaimer language. *See Sperling*, 862 F.2d at 447.  Accordingly, this sentence shall be revised to read "Plaintiff seeks to sue on behalf of all persons who have potential claims, specifically all current and former Inside Sales Representatives and Outbound Sales Representatives who worked for FleetCor at any time from December 15, 2010 to August 1, 2013."

Furthermore, the third sentence of this section, which reads "You may join the lawsuit by mailing, emailing, or faxing the enclosed Plaintiff Consent Form to Plaintiffs' Counsel for filing with the Court" [*See* Doc. No. 75-2, 3], incorrectly implies that a potential claimant may *only* seek relief by joining the collective action. *See Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1344–45 (N.D. Ga. 2007) (notice of a Section 216(b) collective action inappropriate because it "fail[ed] to notify potential plaintiffs of their right to retain the counsel of their choosing").  Accordingly, that sentence shall be replaced with the following:

> If you choose to join this lawsuit, your interests going forward will be represented by Nichols Kaster, PLLP, collectively with other plaintiffs who have also chosen to join this lawsuit.  However, you are not required to join this lawsuit, and choosing not to join does not prevent you from retaining an attorney of your choice to represent you in an individual claim under the federal Fair Labor Standards Act.

> You may join this lawsuit by mailing, emailing, or faxing the enclosed Plaintiff Consent Form to Plaintiffs' Counsel for filing with the Court:

### c.        Revisions to the "Statute of Limitations" section

The final sentence of this section reads "If you choose not to join this action, or file your own action, some or all of your potential claims may later be barred by the statute of limitations" [Doc. No. 75-2, 3].  The Court is concerned that a recipient will interpret this to mean that it will be prevented from asserting a claim if it refuses to join this case, even if the recipient would prefer to file an individual claim with different counsel.  *See Maddox*, 499 F. Supp. 2d at 1344–45 (notice should

23

indicate right to retain counsel of choice).  Accordingly, this language shall be modified to read "Regardless of whether you choose to join this action or file your own action, delay in doing so may result in some or all of your potential claims being barred by the statute of limitations."

Subject to the implementation of the aforementioned revisions, the Court approves of the wording of the revised proposed notice that was attached as Exhibit B to Plaintiff's Reply [Doc. No. 75-2, 2–4].  All notice provided during the notice stage for this matter must comply with this Order, regardless of whether notice is mailed, e-mailed, or maintained on an internet website.

## III.    CONCLUSION

For the above stated reasons:

1.    Plaintiff's Motion for Approval of Proper Scope, Manner, and Form of Court-Authorized Notice [Doc. No. 57] is **GRANTED IN PART**, and the Court conditionally certifies this case as a collective action under 29 U.S.C. § 216(b), subject to the following:

    a.    Defendant is **ORDERED** to, within fifteen (15) days of the entry of this Order, produce to Plaintiff the name, job title, last known address, personal e-mail address, telephone number, date of birth, dates of employment, and social security numbers (last four digits only) for all individuals who worked for Defendant FleetCor Technologies

Operating Company, LLC, in Norcross, Georgia, in the position of "Inside Sales Representative" or "Outbound Sales Representative" at any time from December 15, 2010 to August 1, 2013. If the information is not stored electronically, Defendant shall provide it in the form in which it is normally maintained.

b.    The Parties are **ORDERED** to refrain from contacting any individuals disclosed by Defendant pursuant to this Order during the pendency of the notice stage, except as provided for in this Order, upon leave of the Court, or after a Consent to Join has been filed for such individual.

c.    Plaintiff is **ORDERED** to, within twenty (20) days of the entry of this Order, produce to Defendant copies of all written communications that (1) provide notice and/or solicit plaintiffs to join this action and (2) were distributed via U.S. mail or similar carrier prior to the entry of this Order, including the thirty-one (31) "advertisement letters" that Plaintiff states were mailed on August 9, 2013. This production shall also include a list of all entities and/or individuals to whom such communications were mailed, as well as any evidence that Plaintiff believes demonstrates that any such individual did not receive notice.

d.    Plaintiff is **ORDERED** to, within twenty-five (25) days of the entry of this Order, issue an initial Notice via certified mail to all individuals

whose contact information was provided by Defendant pursuant to this Order. Such Notice shall consist of the draft Notice and Consent to Join that was submitted as Exhibit B to Plaintiff's Reply Memorandum [Doc. No. 75-2, 2–5], with amendments to reflect the Court's instructions in Part II.B.3. of this Order. Notice may be accompanied by a single e-mail that mirrors the content described above. In the event that Notice to any individual is returned to Plaintiff by the postal service, Plaintiff is permitted to make an additional attempt to notify such individual via certified mail, in which case Plaintiff shall provide notice to Defendant along with poof of return service. Notice need not be provided to any individual who has filed a Consent to Join within twenty-five (25) days of the entry of this Order.

e.  Plaintiff is **ORDERED** to, within fifty-five (55) days of the entry of this Order, issue a "reminder" Notice that is identical in all respects to the initial Notice described above, with a blind copy to Defendant, except that "reminder" Notice shall not be provided to any individual that was sent notice of this action via U.S. mail or similar carrier prior to the entry of this Order, unless Plaintiff has provided to Defendant evidence that such individual did not in fact receive written notice, and has notified Defendant that Plaintiff intends to provide "reminder" Notice

to such individual.  The "reminder"Notice may be accompanied by a single e-mail that mirrors the content described above.  Notice need not be provided to any individual who has filed a Consent to Join within fifty-five (55) days of the entry of this Order.

f.     Plaintiff is **ORDERED** to, within seven (7) days of the entry of this Order, remove any notice provided on the personal website of Plaintiff or any other individual that has filed a Consent to Join this action. Plaintiff's counsel is authorized to maintain an internet website for the purpose of informing similarly situated persons of their right to join this litigation as plaintiffs, but any notice provided on such website must mirror the approved Notice discussed herein.

g.     Plaintiff is **ORDERED** to file with the Court any Consent to Join forms received from opt-in plaintiffs within two (2) business days of receipt. Unless the Parties agree to permit late filings, or good cause can be shown for why consent was not provided by the deadline, all Consent to Join forms must be postmarked or facsimile time-stamped no later than eighty-five (85) days from the entry of this Order.

h.     Plaintiff is **ORDERED** to, within fourteen (14) days of the conclusion of this case and the exhaustion of any appeals, destroy all record of the Social Security numbers provided by Defendant pursuant to this Order.

27

2.    Defendant's Unopposed Motion for Permission to Supplement Record Regarding Plaintiff's Notice Motion [Doc. No. 76] is **GRANTED**.

        **IT IS SO ORDERED**, this 7th day of April, 2014.

                              s/Steve C. Jones
                              STEVE C. JONES
                              UNITED STATES DISTRICT JUDGE

28