IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH MILLER, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC,<br><br>Defendant. | CIVIL ACTION NO. 1:13-cv-2403-SCJ |

**STIPULATED PROTECTIVE ORDER**

Discovery in this case involves the anticipated production of confidential, proprietary, and/or sensitive business information, commercially private data, personnel and employment-related documents, as well as confidential, personal information relating to the parties, as well as persons not parties to this litigation who enjoy rights of privacy and protection from disclosure under both federal and state law. Both plaintiffs and defendant, by and through their respective counsel, desire to avoid the needless dissemination of the above-referenced information

1

outside of this lawsuit and, further, to avoid a dispute over the production of such information. Accordingly, with good cause having been shown under Federal Rule of Civil Procedure 26(c), and it appearing that the parties in this action consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

## I.   CONFIDENTIAL INFORMATION

### A.   Definitions

1. "Confidential Information," as used in this Agreement and Order, means any document, information (including, but not limited to, electronic or statistical data), testimony, or other tangible items to be produced or disclosed during the course of this action which are believed in good faith to be subject to protection under the Federal Rules of Civil Procedure and/or the Court's Local Rules. All such documents, information, testimony, or tangible items will be referred to and treated as "Confidential Information" if stamped or designated "CONFIDENTIAL."

2. For purposes of this Agreement and Order, the term "document" means all written, recorded or graphic material, whether produced or created by a party or another person (including but not limited to extracts and summaries prepared from or regarding Confidential Information); whether produced in hard-copy or electronic format; whether produced pursuant to Rule 34,

subpoena, agreement or otherwise; whether provided in the form of responses to Interrogatories, Requests for Production, or Requests for Admissions or deposition testimony; or whether referenced, identified or provided in any portion of a brief, affidavit, memorandum, exhibit or other writing.

    B.    <u>Procedure for Designating Material as Confidential Information</u>

        1.    The notation "Confidential" shall be stamped or otherwise marked on each designated document or the first page of designated documents with multiple pages. In lieu of marking originals, the producing party may mark copies of the documents that are produced or exchanged. With respect to electronic data or information, the notation "Confidential" shall be plainly marked on a label affixed to the electronic file/record containing the confidential information or to the disk, tape or other medium on which the information is stored.

        2.    Deposition testimony and exhibits may be designated as Confidential by identification on the record during any deposition or other proceeding or by written notice to opposing counsel not later than thirty (30) days after receipt of the deposition transcript. During such thirty (30)-day period and from the date of the deposition, the entire deposition transcript and testimony and all exhibits shall be deemed to be Confidential Information for purposes of this

Agreement and Order. Thereafter, only those portions of the transcript and exhibits that have been designated as Confidential Information shall be so treated, except that all copies of deposition transcripts that contain Confidential Information shall be prominently marked "Confidential – Subject to Protective Order" on the cover and, if filed with any court, be filed pursuant to the applicable procedure of the Court and/or Judge for filing under seal, pursuant to Section I.D.3., below.

      3.    All Confidential Information in any affidavits, briefs, memoranda or other papers filed with any court shall be designated as "Confidential – Subject to Protective Order," and filed pursuant to the applicable procedure of the Court and/or Judge for filing under seal, pursuant to Section I.D.3., below. If the Confidential Information in any affidavits, briefs, memoranda or other papers filed under seal later becomes not subject to protection under the Federal Rules of Civil Procedure and/or the Court's Local Rules, then the Court may unseal the documents that were filed under seal and, in its discretion, redact any portions that contain information that remains subject to protection.

      4.    Counsel for any party may designate as Confidential Information any documents, information or testimony produced or furnished in this matter, including that produced or furnished by a non-party who came into

possession of such information under circumstances in which the confidentiality was not waived as a matter of law, including, but not limited to, attorneys, experts, accountants, consultants, healthcare providers, appraisers, agents, and employees, by informing opposing counsel in writing of such designation within thirty (30) days of receipt of the document, information or testimony or the date of execution of this Agreement, whichever is later.

C. <u>Qualified Persons with Access to Confidential Information</u>

The designation of documents, information, or testimony as Confidential Information shall mean that such shall be used only for this litigation, preparation for trial in this case, trial of this case and/or settlement of this action, and shall not be used for any other purpose or in any other litigation. The designation of documents, information or testimony as Confidential Information shall further mean that such shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following "qualified persons":

1. The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on this action to the extent reasonably necessary to render professional services in this action;

2. The named parties to this litigation;

3. Outside consultants and/or experts retained for the purpose of

assisting counsel in this litigation; provided, however, that before any such consultant or expert (or staff member thereof) is shown or receives any Confidential Information, s/he must read a copy of this Agreement and Order and agree in writing to abide by the same by signing a document in the form of Exhibit "A" hereto, and provided that copies of any testifying expert's (and their staff's) executed Exhibit "A" forms shall be maintained by counsel for the party retaining the consultant and/or expert and transmitted to opposing counsel upon request at any time after the expert is designated;

    4. Witnesses interviewed by a party's representatives or counsel, who have a need to know the content of that Confidential Information, provided, however, that before any information, document or thing designated as Confidential Information is shown to a witness, s/he must read a copy of this Agreement and Order and agree in writing to abide by the same by signing and providing to counsel for any party to this lawsuit, as applicable, a document in the form of Exhibit "A" hereto, unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of their job duties or, in the case of personal documents, or information, that person is the owner of privacy rights in the documents or information being disclosed;

    5. Persons being deposed at a deposition in this action, given that

counsel agree that all non-party witnesses deposed in this case will be asked to sign and provide to counsel for the parties a document in the form of Exhibit "A" hereto at the beginning of the deposition. If an examining party anticipates the need to exhibit Confidential Information to a deponent, that party shall obtain the signed Exhibit "A" in advance of the deposition. However, the parties agree that a deponent's refusal to sign Exhibit "A" shall not prohibit the disclosure of Confidential Information to the deponent during the deposition, and that such disclosure shall not act as a waiver of the Confidential designation nor prohibit a party from designating that portion of the deposition "Confidential." If the deponent refuses to sign Exhibit "A," then the deponent may be deposed using the confidential information but the deponent may neither obtain copies of any confidential information nor receive any confidential information as an exhibit or attachment to the deposition transcript;

      6.    Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of this action;

      7.    Vendors providing copy and/or other services, such as retrieval of electronic information, as hired by the parties for the purpose of this litigation;

      8.    Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; provided, however,

that before any such person is shown or receives any Confidential Information, s/he must read a copy of this Agreement and Order and agree in writing to abide by the same by signing and providing to Plaintiff's or Defendants' counsel, as applicable, a document in the form of Exhibit "A" hereto; and

      9.    The Court and Court personnel.

D.    <u>Restrictions on the Use and Disclosure of Confidential Information</u>

      1.    Persons obtaining access to items designated as "Confidential" shall use the information solely for this litigation, preparation for trial in this case, trial, appellate proceedings, and/or settlement of this action in accordance with the provisions of this Agreement and Order.

      2.    Notwithstanding a designation as Confidential Information, parties and/or witnesses may be shown or provided with copies of their own personnel files.

      3.    In the event that any Confidential Information is to be filed, included in, or referred to in any paper filed with the Court, counsel responsible for such filing shall follow applicable procedures of the Court and/or Judge for filing the Confidential Information under seal, including presenting to the Court a motion explaining with particularity and citations to authority why the document or information should be filed under seal. After Confidential Information is

properly filed under seal, the Clerk of the Court shall keep such Confidential Information under seal until further order of the Court; provided, however, that access to such Confidential Information filed with the Court shall be afforded to the Court and to counsel for the undersigned parties. Although identifying information in documents filed under seal need not be redacted, Fed. R. Civ. P. 5.2(b)(5); Fed. R. Civ. P. 5.2(d), counsel for both parties agree to redact social security numbers and financial account information in filings under seal. Should such information be disclosed inadvertently, counsel for both parties agree not to disclose the information to other parties.

    4.    Neither the parties nor their counsel of record shall discuss or disclose the contents of any Confidential Information with any other person, except between themselves for purposes of this action and as otherwise permitted in this Agreement and Order.

    E.    <u>No Admission or Waiver</u>

The inadvertent or unintentional disclosure of any Confidential Information by the disclosing party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality, either as to the specific Confidential Information disclosed or as to any other related information. If a party produces multiple identical copies of a document (but with different Bates numbers) and one

has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation. Any Confidential documents or information inadvertently produced and all copies and records thereof shall be treated as Confidential immediately upon written request of the disclosing party.

## II. GENERAL PROVISIONS

### A. Jurisdiction and Return of Documents

1. This Order shall survive the final termination of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

2. Within thirty (30) business days after the conclusion of this action by settlement or adjudication, including any appellate proceedings and/or expiration of the time in which such appellate proceedings could have been initiated but were not, the Confidential Information (and all copies, transcriptions, or reproductions in any form whatsoever) produced or provided by the parties shall, at the option of the producing party, be returned to their respective counsel or destroyed and certified as destroyed. If the producing party elects to have the materials returned, it will pay the reasonable costs related to having the materials returned. Notwithstanding anything contained herein to the contrary, counsel for the parties may retain copies of all transcripts and work product, including, but not

limited to pleadings, briefs, correspondence, and memoranda that contain Confidential Information so long as they maintain such information as confidential per this Stipulation.

    B.    <u>Dispute as to Designation of Confidential Information</u>

    1.    If any party believes that a document, testimony, or other information that has been designated as Confidential Information is not entitled to be treated as such in accordance with the Federal Rules of Civil Procedure and/or the Court's Local Rules, the party will notify the designating party of its disagreement with the designation. Counsel for the parties shall confer in a good faith attempt to reach an agreement regarding the status of the document, testimony, or information within seven (7) days after the opposing party has advised the producing party of its disagreement with the designation. If the matter is not resolved by the parties themselves, the party claiming the status of documents, information, or testimony should be protected under the Federal Rules of Civil Procedure and/or the Court's Local Rules shall bring the dispute before the Court for a determination. The party that designated the information as "confidential" shall at all times have the burden of proof to demonstrate the information is subject to protection under the Federal Rules of Civil Procedure and the Court's Rules. Documents, information, or testimony designated as

Confidential Information pursuant to this Agreement and Order shall be treated as such unless and until the Court rules otherwise. However, if the party claiming the documents, information, or testimony should be protected under the Federal Rules of Civil Procedure and/or the Court's Local Rules does not bring the dispute before the Court for determination within ten (10) days of being notified by the opposing party of its disagreement with the designation, then the documents, information, or testimony will lose their Confidential Information designation and be treated accordingly.

      2.    Except as expressly provided herein, nothing in this Agreement and Order is intended to limit or have the effect of limiting either party's right to make use of or object to the use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, the relevant Local Rules of the Northern District of Georgia, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, and subject to any other confidentiality orders or agreements among the parties, materials protected by this Agreement and Order may be offered in evidence at trial or at any court hearing in this action subject to such protective measures as may be provided by this

Agreement and Order or directed by the Court. If this matter is tried before a jury, at a minimum, the Court will instruct the jury as to the protected and confidential nature of the information and order that the information not be disclosed by any person, except as provided in this Agreement and Order.

      3.    The provisions of this Agreement and Order shall apply, from the date this Agreement and Order is signed, to any and all documents produced in this action and to any and all information produced or disclosed, whether produced or disclosed before or after the execution of this Agreement and Order.

      4.    The provisions of this Agreement and Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

    C.    <u>No Admission that Trial Should be Closed to the Public</u>.

Nothing in the provisions of this Agreement and Order shall be construed as an admission by the parties that the trial in this matter should be closed to the public, nor shall anything in this Agreement and Order be used by any party in support of any assertion that the trial in this matter should be closed to the public.

SO ORDERED this _____ day of _____, 2014.

_____
HON. STEVE C. JONES
UNITED STATES DISTRICT JUDGE

13

AGREED:

Respectfully submitted,

**NICHOLS KASTER, PLLP**

/s/ Rachhana T. Srey
Rachhana T. Srey, MN Bar No. 340133
*srey@nka.com*
Tim C. Selander, MN Bar No. 387103
*tselander@nka.com*
(Admitted pro hac vice)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

Counsel for Plaintiffs

**AUSTIN & SPARKS, PC**

/s/John T. Sparks
John Thomas Sparks, Sr.
2974 Lookout Place, Northeast,
Suite 200
Atlanta, GA 30305
Telephone: (404) 869-0100

Local Counsel for Plaintiffs

**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street
Suite 1100
Post Office Box 4412
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197

/s/ Dennis M. McClelland
Susan W. Furr
Louisiana Bar No. 19582
*susie.furr@phelps.com*
Brandi B. Cole
Louisiana Bar No. 32396
*brandi.cole@phelps.com*
(admitted *pro hac vice*)

**PHELPS DUNBAR LLP**
100 South Ashley Drive
Suite 1900
Tampa, Florida  33602
Telephone: (813) 472-7550
Facsimile: (813) 472-7570

Dennis M. McClelland
Florida Bar no. 0091758
*dennis.mcclelland@phelps.com*
(admitted *pro hac vice*)

Counsel for Defendant

**POLSINELLI PC**
1355 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309-3232
Telephone: (404) 253-6000
Facsimile: (404) 253-6060

James J. Swartz, Jr.
Georgia Bar No. 694319
*JSwartz@Polsinelli.com*
Teeka K. Harrison
Georgia Bar No. 543115
*THarrison@Polsinelli.com*

Local Counsel for Defendant

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that, pursuant to Local Rule 7.1D, the foregoing motion has been prepared in Times New Roman, 14-point font, in conformance with Local Rule 5.1C.

/s/ Dennis M. McClelland
Counsel for Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEITH MILLER, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br>1:13-CV-2403-SCJ |

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notice to the following counsel of record:

| | |
|---|---|
| John Thomas Sparks, Sr.<br>Austin & Sparks, P.C.<br>2974 Lookout Place, N.E., Suite 200<br>Atlanta, GA 30305-3272<br>404-869-0100<br>Fax: 404-869-0200 | Rachhana Srey<br>Tim C. Selander<br>Nichols Kaster, PLLP-MN<br>80 South 8th Street, 4600 IDS Center<br>Minneapolis, MN 55402<br>612-256-3200<br>Fax: (612) 215-6870 |

/s/ Dennis M. McClelland
Counsel for Defendant