# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **KEITH MILLER, individually and on behalf of all other similarly situated individuals,** | § § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § § | **CIVIL ACTION NO. 1:13-cv-2403-SCJ** |
| **FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC,** | § § § § | |
| **Defendant.** | § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ENTRY OF AN ORDER OF DISMISSAL

Plaintiff Keith Miller, individually and on behalf of the opt-in plaintiff class he represents (collectively, "Plaintiffs"), and Defendant FleetCor Technologies Operating Company, LLC ("FleetCor") jointly move the Court for approval of the settlement agreement entered into in this action (the "Agreement") and entry of an order of dismissal.[1]   The parties have agreed that the terms reflected in the Agreement are mutually satisfactory and represent fair and reasonable

---

[1] A true and accurate copy of the Agreement is attached hereto as Exhibit A.

compromises of the claims asserted in this action.  The Court's approval and entry of an order of dismissal will consummate the Agreement between the parties.  The grounds for this joint motion are set forth in the following memorandum of law.

**MEMORANDUM OF LAW**

**A.     Background**

On July 18, 2013, Plaintiff filed this collective action pursuant to Section 16(b) of the FLSA, alleging that FleetCor denied Plaintiff and other similarly-situated individuals overtime wages in violation of the FLSA.  (Doc. 1)  FleetCor denied liability and asserted various defenses.  (Doc. 26)

In April 2014, after a stipulation by the parties, the Court conditionally certified this action as a collective action and authorized the issuance of notice to a putative class of more than 230 individuals who worked for FleetCor as Inside Sales Representatives in Norcross, Georgia.  Notice was issued to the putative class and, in total, 80 current and/or former employees (including Plaintiff) filed consent forms and thereby affirmatively opted into the action as party plaintiffs.  Of those 80 Plaintiffs, five have been determined to be ineligible and have either

withdrawn their consent to join, or the parties have stipulated to their dismissal.[2] Accordingly, the class is composed of 75 Plaintiffs with viable claims.

The parties engaged in extensive discovery regarding the claims in this case, with both sides serving and responding to written discovery requests and producing voluminous amounts of relevant documents and data. Depositions of several witnesses, including the Named Plaintiff and Defendant's Fed. R. Civ. P. 30(b)(6) representatives, were also taken. Additionally, the parties have extensively litigated numerous issues, including submitting significant briefing to the Court regarding the scope, manner, and content of the notice sent to the purported class and whether this action is suitable for collective treatment at trial.

On January 20, 2016, the parties conducted mediation before Mediator Joan S. Morrow. With the assistance of Ms. Morrow, a well-regarded and skilled mediator experienced in mediating wage and hour disputes, the parties were able to reach an agreement that, if approved by the Court, would completely resolve Plaintiffs' claims against FleetCor. The parties now file this joint motion requesting that the Court approve the settlement and dismiss this action with prejudice.

---

[2] Specifically, Tonya Pickett withdrew from this case, Sandra Siddell was never employed by FleetCor, Janice Gardner only worked for FleetCor for one day, and the claims of Stacie Green and Tara Gray are barred by the statute of limitations.

**B.**     **Legal Principles**

In general, the overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees.  *See, e.g., Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945).  However, there are two ways an employee may settle and waive a claim against an employer for unpaid overtime pay and minimum wages under the FLSA where the settlement reflects a compromise of the wages and liquidated damages owed:  (1) if the payment of overtime pay is supervised by the Secretary of Labor, or (2) in the context of a private lawsuit brought by an employee against his employer, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement.  29 U.S.C. § 216(c); *Nall v. Mal-Motels, Inc.,* 723 F.3d 1304, 1306-07 (11th Cir. 2013); *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

Where an employee agrees to receive less than the full wages and liquidated damages he or she claims to be owed, the parties may secure an enforceable agreement to settle and release FLSA claims against the employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA

coverage and/or computation actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Nall,* 723 F.3d at 1306-07; *Lynn's Food*, 679 F.2d at 1354.

The purpose of the court's evaluation of an FLSA settlement is to ensure that the compromise is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. As one district court within the Eleventh Circuit observed in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009):

> Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. Many factors may be in play as the parties negotiate a compromise that is acceptable to both sides. The parties may disagree as to the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer. In certain cases, the Defendant may assert (or threaten to assert) a counterclaim arising from the employment relationship. If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is "unreasonable."

*Bonetti*, 715 F. Supp. 2d at 1227. This Court has further explained that there is no need to analyze the reasonableness of the amount of attorneys' fees agreed upon in

an FLSA settlement agreement, where the attorneys' fees are agreed upon separately without regard to the amount paid to the plaintiff.  *See Mack, et al v. CVS Caremark Corp., et al,* No. 1:12-cv-01808-SCJ (N.D. Ga. Aug. 2, 2013) (Jones, J.) (Doc. 59) (citing *Bonetti*, 715 F. Supp. 2d at 1228, and granting parties' joint motion for approval of settlement agreement without analyzing reasonableness of attorneys' fees, where the parties agreed that the attorneys' fees were negotiated separately from the amounts to be received by plaintiffs).

### C.   <u>Argument</u>

This case clearly involves a dispute in which the Court may allow Plaintiffs in this action to settle and release their FLSA claims against FleetCor.  First, the proposed settlement arises in an adversarial context, with pending litigation and with the parties represented by competent counsel.  Indeed, the parties have participated in an extensive fact investigation and conducted a comprehensive review of Plaintiffs' available pay and time data, in order to develop the factual and legal issues impacting the parties' claims and defenses.

Additionally, the FLSA claims asserted against FleetCor involve bona fide disputes about FLSA liability and damages and, consequently, the Agreement represents a reasonable compromise of the disputed issues.  Plaintiffs claim that the plaintiff class worked compensable overtime hours (over 40 hours in a

- 6 -

workweek) for which FleetCor did not pay appropriate overtime premium compensation.  FleetCor, on the other hand, denies liability to the class and, additionally, contends that Plaintiffs' estimates of hours worked by members of the class are unrealistic, grossly exaggerated, and/or include time that is not legally compensable under the FLSA.

At mediation, the parties and their counsel considered their competing evidence (including actual and potential data analyses) and legal arguments (including liability standards, defenses, and overtime computation methodologies), and exchanged and presented competing damage models and calculations based on various assumptions and scenarios.  With the assistance of a skilled mediator, the parties compromised and negotiated a settlement that entailed FleetCor's agreement, without admitting liability, to pay the class members their pro-rata share of the total settlement based on a damages formula that took into account their individual circumstances.

To reach the settlement amounts for each class member, the parties carefully calculated the overtime pay amounts using an agreed-upon and legally sound overtime computation method taking into account the particular class member's: (1) consent filing date; (2) period of employment in the applicable period and in the appropriate work group; (3) compensation during the applicable period

(including all hourly and commission payments); and (4) estimate of weekly overtime hours (taking into account the particular class member's absences from work due to holidays, vacation days, sick days, etc.). The settlement pay amounts ultimately agreed upon cover the longest possible statute of limitations period for each class member and include an amount allocated as liquidated damages (even though FleetCor challenged the appropriateness of liquidated damages and the application of the three-year statute of limitations). In exchange, Plaintiffs agreed to release all claims related to their claims for unpaid wages up to and including July 27, 2013, and agreed to the dismissal of this action, and all claims in it, with prejudice.

The parties agree that Plaintiffs' respective settlement amounts, along with the various covenants contained within the Agreement, are fair in light of the parties' contentions. Plaintiffs' counsel believes that the claims in this action have merit and that the evidence to date supports the claims. However, Plaintiffs' counsel recognizes that FleetCor has certain potential defenses to liability and damages, and acknowledges the expense and delay of continued lengthy proceedings necessary to prosecute this action against FleetCor through trial and appeal. Plaintiffs and Plaintiffs' counsel in this action have taken into account the uncertain outcome and risk of any litigation, as well as the difficulties and delays

- 8 -

inherent in such litigation.  Plaintiffs' counsel further recognizes that there is the potential for a trier of fact to conclude that Plaintiffs are not entitled to relief under the FLSA that would exceed the amounts agreed to in the Agreement.  Plaintiffs' counsel believes that the Agreement confers substantial benefits on each class member, and that independent review of the Agreement by the Court in the approval process will confirm this.  Based on a thorough evaluation of extensive damage models (including those prepared by Plaintiffs' counsel and those prepared by FleetCor's counsel), Plaintiffs, with the assistance and recommendation of their counsel, have concluded that the Agreement (and the payouts contained therein) is in the best interests of the plaintiff class.

FleetCor has denied and continues to deny that Plaintiffs are legally entitled to the relief received under the Agreement.  FleetCor also has denied and continues to deny, *inter alia*, the allegations that all Plaintiffs have suffered damages by reason of the alleged failure to pay overtime wages, or that all of the Plaintiffs were harmed by the conduct alleged in the action.  In fact, FleetCor maintains that it has various factual and legal defenses that it could successfully assert in this action.  Nonetheless, FleetCor has concluded that the further conduct of the action would be protracted and expensive, and that it is desirable that the action be fully and finally settled in a manner upon the terms and conditions set forth in the

PD.19323327.1

Agreement in order to limit further expense, inconvenience, and distraction. FleetCor has taken into account the uncertainty and risks inherent in any litigation. FleetCor, therefore, has determined that it is desirable and beneficial to it that the action be settled in the manner set forth in the Agreement.

Finally, the parties agree that the amount allocated to Plaintiffs' class counsel for attorneys' fees and costs is fair and reasonable. The parties advise the Court that the attorneys' fees and costs to be paid by FleetCor under the Agreement are not based upon the amounts claimed to be owed to each plaintiff and opt-in plaintiff, such that there is no correlation between the amount of consideration to be paid to the plaintiff class and the attorneys' fees or costs to be paid by FleetCor. Rather, the attorneys' fees and costs in this case were analyzed and reviewed in addition to—and completely separate from—the specific amounts claimed by each plaintiff and opt-in plaintiff. Again, as explained in *Bonetti,* where

> the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

*Bonetti*, 715 F. Supp. 2d at 1228.

In the instant case, the attorneys' fees and costs allocated to Plaintiffs' counsel were negotiated separately and without regard to the amount FleetCor has agreed to pay to Plaintiffs. As such, the recovery by Plaintiffs was not adversely affected by the amount of the attorneys' fees and costs paid to their class counsel.

In sum, Plaintiffs are represented by competent counsel, and the settlement amounts and terms were the subject of extensive negotiation. The Agreement represents a fair and reasonable compromise of Plaintiffs' claims—including issues involving liability, computation of overtime wages, and application of various defenses, all of which were actually in dispute—and should be approved by the Court.

## CONCLUSION

Based on the foregoing, the parties respectfully request that the Court review and approve the Agreement and enter an order approving the settlement and dismissing this action with prejudice. The parties further request that the Court reserve continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the parties' Agreement and over the administration and distribution of the benefits provided by the Agreement. A proposed Order is attached hereto as Exhibit B.

- 11 -

Date: April 28, 2016.

**NICHOLS KASTER, PLLP**

/s/ Rachhana T. Srey
Rachhana T. Srey, MN Bar No. 340133
*srey@nka.com*
Tim C. Selander, MN Bar No. 387103
*tselander@nka.com*
(Admitted pro hac vice)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

Counsel for Plaintiffs

**AUSTIN & SPARKS, PC**

/s/ John T. Sparks
John Thomas Sparks, Sr.
2974 Lookout Place, Northeast, Suite 200
Atlanta, GA 30305
Telephone: (404) 869-0100

Local Counsel for Plaintiffs

**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street
Suite 1100
Post Office Box 4412
Baton Rouge, Louisiana  70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197

/s/ Dennis M. McClelland
Susan W. Furr
Louisiana Bar No. 19582
*susie.furr@phelps.com*
Brandi B. Cole
Louisiana Bar No. 32396
*brandi.cole@phelps.com*
(admitted *pro hac vice*)

PD.19323327.1

**PHELPS DUNBAR LLP**
100 South Ashley Drive
Suite 1900
Tampa, Florida  33602
Telephone: (813) 472-7550
Facsimile: (813) 472-7570

Dennis M. McClelland
Florida Bar no. 0091758
*dennis.mcclelland@phelps.com*
(admitted *pro hac vice*)

Counsel for Defendant

**POLSINELLI PC**
1355 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309-3232
Telephone: (404) 253-6000
Facsimile: (404) 253-6060

/s/ James J. Swartz
James J. Swartz, Jr.
Georgia Bar No. 694319
*JSwartz@Polsinelli.com*
Teeka K. Harrison
Georgia Bar No. 543115
*THarrison@Polsinelli.com*

Local Counsel for Defendant

PD.19323327.1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **KEITH MILLER, individually**<br>**and on behalf of all other**<br>**similarly situated individuals,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | **1:13-CV-2403-SCJ** |
| **v.** | ) | |
| | ) | |
| **FLEETCOR TECHNOLOGIES** | ) | |
| **OPERATING COMPANY, LLC,** | ) | |
| | | |
| **Defendant.** | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notice to the following counsel of record:

John Thomas Sparks, Sr.
Austin & Sparks, P.C.
2974 Lookout Place, N.E., Suite 200
Atlanta, GA 30305-3272
404-869-0100
Fax: 404-869-0200

Rachhana Srey
Tim C. Selander
Nichols Kaster, PLLP-MN
80 South 8th Street, 4600 IDS Center
Minneapolis, MN 55402
612-256-3200
Fax: (612) 215-6870

/s/ Dennis M. McClelland
Counsel for Defendant

PD.19323327.1